NOT FOR PUBLICATION                                                  CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSUE CALDERON MENDEZ, | Civil Action No. 14-4967 (SRC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| STATE OF NEW JERSEY, et al., | |
| Respondents. | |

Pro se Petitioner Josue Calderon Mendez ("Petitioner"), a convicted sexually violent predator and an illegal alien currently civilly committed at the Special Treatment Unit, Avenel, New Jersey, filed a habeas petition pursuant to 28 U.S.C. § 2254. See ECF No. 1 ("Petition"). The Petition does not challenge the order underlying his civil commitment in New Jersey; rather it attacks the State's failure to transfer Petitioner to federal custody and the federal authorities' failure to initiate his removal to his country of origin, Mexico.[1] See, generally, ECF No. 1.

To the extent Petitioner seeks to compel the federal authorities to commence his removal proceedings and/or to remove him to Mexico, he is without right of action. Section 1229(d), titled "Prompt initiation of removal," provides: "In the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General shall begin any removal proceeding as expeditiously as possible after the date of the conviction." 8 U.S.C. § 1229(d)(1).

---

[1] Petitioner speculates that the State might have concealed from the federal authorities that his prison term expired, thus preventing the federal authorities from taking him into federal custody, commencing his immigration proceedings and removing him to Mexico. See ECF No. 1, at 3 ("New Jersey has chosen to ignore [the expiration of Petitioner's term] for financial reasons").

1

However, the same statute states that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1229(d)(2). Thus, an inmate cannot compel federal immigration authorities, by way of habeas corpus, mandamus or the Administrative Procedure Act, to initiate an immigration proceeding or to remove him. See Charles v. Dep't of Homeland Sec., No. 07-3214, 2007 U.S. Dist. LEXIS 52935, at *7 (D.N.J. July 23, 2007) (relying on Channer v. Hall, 112 F.3d 214 (5th Cir. 1997) (alien has no private of right of action to enforce 8 U.S.C. § 1252(h), the predecessor of § 1229(d)(1)); Campos v. Immigration and Naturalization Service, 62 F.3d 311 (9th Cir. 1995) (although federal immigration authorities filed detainer, federal prisoner lacks standing to seek mandamus or habeas relief to compel federal immigration authorities to hold an immediate deportation hearing pursuant to predecessor of § 1229(d)); Hernandez-Avalos v. Immigration and Naturalization Service, 50 F.3d 842 (10th Cir. 1995) (despite the federal immigration authorities' detainer, federal prisoner has no private right of action to compel federal authorities to initiate removal proceeding)). Since Petitioner has no means to compel the commencement of federal removal proceedings, it follows that he has no substantive basis for challenging the State's failure to transfer him to federal custody for that purpose.[2]

In any event, Petitioner is without standing to seek such custody transfer. The decision of when/whether to transfer Petitioner from state custody to federal custody is between the State and federal government only. Cf. Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982) (the exercise of jurisdiction over an inmate who is subject to action by more than one sovereign,

---

[2] However, mindful of Petitioner's concern that the federal authorities might be unaware of the fact that his prison term expired, this Court will direct the Clerk to serve a complimentary copy of this Memorandum Opinion and Order upon the Office of the United States Attorney.

as well as the priority of these actions, is "solely . . . question[s] of comity between the sovereignties which is not subject to attack by the prisoner").

Finally, to the extent that Petitioner challenges his currently operable order of civil commitment, these challenges are subject to dismissal because they are not fully articulated and they appear to be unexhausted.[3]

IT IS, therefore, on this ___19___ day of ___Sept___, 2014,

ORDERED that Petitioner's application to proceed in this matter in forma pauperis is granted; and it is further

ORDERED that Petitioner's claims seeking transfer to federal custody or commencement of immigration proceedings or removal to Mexico are dismissed with prejudice; and it is further

ORDERED that Petitioner's challenges to his currently operable order of civil commitment, if such were intended, are dismissed without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this matter, and Petitioner is informed that administrative termination is not a final dismissal on the merits, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank AO 241 (modified): DNJ-Habeas-008(Rev. 01-2014) form; and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that Petitioner's challenges to his currently operable order of civil commitment are or are not timely, or are or are not meritorious; and it is further

---

[3] Such dismissal will be without prejudice, and Petitioner will be allowed to file an amended petition detailing his claims and establishing that he duly exhausted those claims in all three levels of the state court. See 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

ORDERED that if Petitioner wishes to reopen this matter, he shall file a complete, signed amended petition on the appropriate form served to him by the Clerk. Such amended petition shall detail all his challenges to his currently operable order of civil commitment and also detail Petitioner's exhaustion of these challenges in all three levels of the state court; and it is further

ORDERED that upon receipt of Petitioner's amended petition, the Clerk will be directed to reopen this matter; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order upon Petitioner by regular U.S. mail; and it is finally

ORDERED that the Clerk shall serve this Memorandum and Order upon the United States Attorney by means of an electronic transmission addressed to paul.blaine@usdoj.gov, with the "subject line" reading, "SERVICE EXECUTED FOR INFORMATIONAL PURPOSES ONLY."

STANLEY R. CHESLER,
**United States District Judge**

4